UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Larry Lee LaComba, Sr. & Rochelle Louise LaComba, | No. 2:23-cv-00370-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Eagle Home Loans and Investment, LLC & Del Toro Loan Services, Inc., | |
| Defendants. | |

Plaintiffs Larry LaComba, Sr. and Rochelle LaComba brings this action against defendants Eagle Home Loans and Investment, LLC (Eagle) and Del Toro Loan Services, Inc., to enforce their rescission of the second mortgage and deed of trust obtained from defendants. Defendant Eagle moves to dismiss plaintiffs' complaint. For the reasons below, the court **denies the motion without prejudice** for failure to meet and confer.

Defendant did not seek to meet and confer prior to or during the briefing period. *See* Mot., ECF No. 6; P. & A., ECF No. 6-1; McClenahan Decl., ECF No. 6-3. This court's standing order requires attorneys to meet and confer with one another before they file motions. *See* Standing Order at 3, ECF No. 3-1; *Mollica v. County of Sacramento*, No. 19-2017, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022). Attorneys who intend to file motions must "discuss thoroughly the substance of the contemplated motion and any potential resolution."

1

Standing Order at 3. "Counsel should discuss the issues sufficiently so that if a motion of any kind is filed . . . the briefing is directed only to those substantive issues requiring resolution by the court." *Id.* If a motion is necessary after meeting and conferring, the moving party must include a certification by an attorney "that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts." *Id.* (emphasis omitted).

"Meeting and conferring saves time and money for all involved—if done correctly. Productive discussions spare both the moving and opposing party the time they would otherwise have devoted to writing unnecessary or ineffective arguments." *Mollica*, 2022 WL 15053335, at *1. The court's requirement to meet and confer facilitates informal dispute resolution and thereby promotes judicial economy.

With respect to the motion pending in this case, the court is not willing to excuse noncompliance with its standing order. There is no indication defendant even attempted to meet and confer. Further, meeting and conferring would help narrow disputes as indicated by defendant's motion. For example, defendant states it "moves to strike the allegations directed to Doe Defendants" if the motion to dismiss is denied, and "will move for a more definite statement on grounds that the complaint is so indefinite that defendant cannot ascertain the nature of the claim being asserted and/or make conclusory, confused, and unclear claims." Mot. at 2. Because defendant's motion is not in compliance with the standing order, and the court finds meeting and conferring would be beneficial in this case, the court **denies without prejudice** defendant's motion to dismiss. The motion hearing on defendant's motion and the status (pretrial scheduling) conference set for May 19, 2023 are vacated. The status (pretrial scheduling) conference is reset to July 21, 2023. The parties shall file a joint status report no later than July 7, 2023.

This order resolves ECF No. 6.

IT IS SO ORDERED.

DATED: April 24, 2023.

CHIEF UNITED STATES DISTRICT JUDGE