UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Larry Lee LaComba, Sr. & Rochelle Louise LaComba, <br><br> Plaintiffs, <br><br> v. <br><br> Eagle Home Loans and Investment, LLC & Del Toro Loan Services, Inc., <br><br> Defendants. | No. 2:23-cv-00370-KJM-DB <br><br> ORDER |

    Plaintiffs Larry LaComba, Sr. and Rochelle LaComba bring several claims against defendants Eagle Home Loans and Investment, LLC (Eagle) and Del Toro Loan Services, Inc. (Del Toro) under the Truth in Lending Act and state law. Defendant Eagle moves to dismiss all of plaintiffs' claims against it.[1] For the reasons below, the court **grants the motion**.[2]

**I.  BACKGROUND**

    Plaintiffs reside in California, Compl. ¶ 4, ECF No. 1, and operate a home construction business, *id.* ¶ 9. Defendant Eagle is a limited liability company organized under the laws of

---

[1] Defendant Del Toro has not appeared. *See* Entry of Default, ECF No. 16. The court below directs plaintiffs to proceed with a motion for default judgment.

[2] The court does not rely on any of the exhibits advanced in defendant Eagle's request for judicial notice. Req., ECF No. 20-4. Accordingly, the request is **denied as moot**.

1

California and defendant Del Toro is a corporation also organized under the laws of California. *Id.* ¶¶ 5–6. As part of their business, plaintiffs purchase and remodel or reconstruct properties, then sell the upgraded properties. *Id.* ¶ 9. Plaintiffs purchased a home in 2019 with the intent to remodel and then sell the property. *Id.* ¶ 10. Plaintiffs obtained a first purchase mortgage loan from a third party to finance their purchase. *Id.* ¶ 11. Plaintiffs then "obtained a second mortgage secured by a deed of trust from defendant Eagle[.]" *Id.* ¶ 12. Under the terms of their agreement as reflected in the "Eagle Note," the loan amount was to be placed in a trust with defendant Del Toro. *Id.*

Plaintiffs allege defendants did not deliver the promised funds. *Id.* ¶¶ 13–14. Plaintiffs also allege defendants changed and misstated the terms of the Eagle Note after the parties had entered into the agreement; defendants allegedly conspired to defraud plaintiffs. *Id.* ¶¶ 16–18. In their complaint, plaintiffs bring twelve claims against defendant Eagle. Plaintiffs first claim defendant Eagle violated the Truth in Lending Act and seek to rescind the second mortgage and deed of trust. *Id.* ¶¶ 21–27. The other eleven claims, which the court declines to address for the reasons explained below, arise under state law. *See id.* ¶¶ 28–79. Defendant Eagle moves to dismiss, Mot., ECF No. 20-1, and plaintiffs oppose, Opp'n, ECF No. 22. Defendant Eagle has filed an untimely reply,[3] Reply, ECF No. 23, which the court declines to consider.

## II.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).

---

[3] "No later than ten (10) days after the opposition was filed, the moving party may serve and file a reply to any opposition filed by a responding party." E.D. Cal. L.R. 230(d).

### III. ANALYSIS

"The TILA [Truth in Lending Act] is primarily concerned with consumer credit transactions, defined by the statute as 'primarily for personal, family or household purposes.'" *Thorns v. Sundance Props.*, 726 F.2d 1417, 1418 (9th Cir. 1984) (citing 15 U.S.C. § 1602(h)). To state a claim under TILA, "a borrower must demonstrate that the loan was extended to (1) a natural person, and was obtained (2) 'primarily for personal, family, or household purposes.'" *Gilliam v. Levine*, 955 F.3d 1117, 1120 (9th Cir. 2020) (quoting 15 U.S.C. § 1602(i)).

Plaintiffs argue they have a right of recission under TILA. *See* Compl. ¶ 22 (citing 15 U.S.C. §1635). However, as defendant correctly points out, *see* Mot. at 19,[4] TILA expressly exempts loans made for business purposes, 15 U.S.C. § 1603(1); *see also Gilliam*, 955 F.3d at 1120 (credit transactions for business purpose excluded from TILA). Loans made for business purposes are "[c]redit transactions involving extensions of credit[5] primarily for business[.]" 15 U.S.C. § 1603(1).

Here, plaintiffs operate a home construction business in which they purchase and remodel properties and then sell them to third parties. Compl. ¶ 9. Plaintiffs purchased the residential property in question with the intent to remodel and sell it. *Id.* ¶ 10; *see also* Opp'n at 5 (explaining plaintiffs purchased property "with the intent to remodel and renovate the home by LaComba's construction business, and then sell the property"). The purchase transaction was solely for business purposes. Accordingly, given their factual allegations, plaintiff cannot state a claim under TILA.

Moreover, in their opposition, plaintiffs appear to concede TILA does not apply. Rather than explaining why the transactions are not exempted by TILA, plaintiffs disclaim their TILA claim and argue "[t]o the extent plaintiffs' First Cause of Action for Rescission is unavailable under the [federal] authorities cited within the specific cause of action, plaintiffs have still plead[ed] sufficient facts to support rescission of the loan agreement." Opp'n at 18. Plaintiffs in

---

[4] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

[5] "The term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." 15 U.S.C. § 1602(f).

effect belatedly attempt to amend their claim to argue they are entitled to rescission under California law. *See id.* at 19 ("[P]laintiffs have alleged grounds to rescind the contract that are distinct from any Truth in Lending Act based claims."). Regardless of the merits of their new claim, plaintiffs may not amend their complaint through briefing in opposition to a motion to dismiss. *See Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020); *cf. Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original)).

Because plaintiff cannot state a claim under TILA, defendant's motion to dismiss plaintiffs' claim for rescission under TILA is **granted.** It appears plaintiff may be able to amend the complaint to state a viable claim or claims. Their first claim is thus dismissed with leave to amend if possible within the confines of Rule 11. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (amendments should normally be permitted if factual allegations could cure deficiencies).

Plaintiffs' remaining claims arise under state law. *See* Compl. ¶¶ 28–79. A district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3)). The court declines to exercise supplemental jurisdiction over these state law claims at this time. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). If plaintiffs amend their complaint to assert claims over which this court has original jurisdiction, they may again seek to invoke this court's supplemental jurisdiction over any related state law claims.

## IV.    CONCLUSION

For the reasons above, the court **grants** defendant Eagle's motion to dismiss **with leave to amend**. Any amended complaint must be filed within **twenty-one (21) days** of the filing date of this order.

1   Plaintiffs are **directed to move for default judgment against defendant Del Toro** within **twenty-one (21) days** of the filing date of this order.  Failure to move in a timely manner may result in dismissal for failure to prosecute.

   This order resolves ECF No. 20.

   IT IS SO ORDERED.

DATED:  June 27, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE