UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Larry Lee LaComba, Sr. and Rochelle Louise LaComba,<br><br>            Plaintiffs,<br><br>    v.<br><br>Eagle Home Loans and Investment, LLC, et al.,<br><br>            Defendants. | No. 2:23-cv-00370-KJM-DB<br><br>ORDER |

On June 28, 2023, this court granted defendant Eagle Home Loans and Investment, LLC's motion to dismiss. Prior Order, ECF No. 28. The court gave plaintiffs 21 days to file an amended complaint. *Id.* Plaintiffs have filed their first amended complaint within the time provided and have added defendant James McClenahan for the first time in this complaint. First Am. Compl., ECF No. 30. Defendants Eagle and McClenahan move to strike or dismiss plaintiffs' amended complaint. *See* Mot. ECF No. 34. Plaintiffs oppose, Opp'n, ECF No. 37, and defendants have replied, Reply, ECF No. 39. Because the parties have not complied with the page limits set by this court's standing order, the court **strikes the parties' briefs**.

"The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). This includes setting page limits on briefs and enforcing its orders. *See*

1

*Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming district court's decision to strike an overlength brief).  This court's standing order provides specific rules regarding the length and format of motion papers.  *See* Standing Order at 3, ECF No. 3-1.  Specifically, the standing order provides: "Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty (20) pages.  Replies shall not exceed ten (10) pages." *Id.* at 3.  These page limits are not mere formalities.  They are important.  Page limits promote judicial economy and "encourage litigants to hone their arguments and to eliminate excessive verbiage." *Fleming v. County of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (citation omitted); *see also N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) ("[R]esources are limited.  In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief.  Hence we have briefing rules."); *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012) ("Judicial economy and concise argument are purposes of the page limit." (citation omitted)).

Here, neither party has complied with the court's standing order.  Defendants' memoranda of points and authorities is 34 pages, Mem., ECF No. 34-1, plaintiffs' opposition is 30 pages, Opp'n, and defendants' reply is 19 pages, Reply.  Neither party has requested permission to extend the page limits nor have they shown good cause.  They have not explained why additional pages are necessary.  Defendants' overlong memorandum includes various arguments and moves the court to strike the entire amended complaint, or alternatively strike portions of the amended complaint, or alternatively dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or alternatively move for a more definite statement under Rule 12(e).  *See* Mot.  Defendants' strategy appears to be one of throwing all their arguments at the wall with the hope that one might stick.  Regardless of whether such strategy is advisable or not, defendants must makes their arguments within the page limits set by the court.  The same goes for plaintiffs, who have also filed an overlong opposition.  One party's noncompliance with the court's rules does not excuse the other party's noncompliance.  The court is not willing to excuse noncompliance with its standing order.

District courts have imposed various sanctions for noncompliance with page limits, including disregarding noncompliant briefs, striking only portions of the brief that exceed the page limit, and imposing monetary sanctions. *See Snyder*, 913 F. Supp. 2d at 766 (collecting cases). Here, because both parties have not complied with the court's orders and in the interest of judicial economy, the court exercises its discretion to strike the parties' noncompliant briefs. The motion hearing set for October 13, 2023 is **vacated**. The status (pretrial scheduling) conference set for October 13, 2023, is continued to November 2, 2023 with the filing of a Joint Status Report due fourteen (14) days prior. The Clerk of Court is directed to **strike** the filings at ECF Nos. 34, 37, and 39.

This order resolves ECF No. 34.

IT IS SO ORDERED.

DATED: September 21, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE