UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Larry Lee LaComba, Sr. & Rochelle Louise LaComba,<br><br>                    Plaintiffs,<br><br>        v.<br><br>Eagle Home Loans and Investment, LLC, et al.,<br><br>                    Defendants. | No. 2:23-cv-00370-KJM-DB<br><br>ORDER |

    Defendants Eagle Home Loans and Investment, LLC and James McClenahan move to strike and to dismiss plaintiffs' amended complaint. For the reasons below, the court **grants the motion**.

**I.    BACKGROUND**

    Plaintiffs Larry Lee LaComba, Sr. and Rochelle Louise LaComba reside in California, First Am. Compl. (FAC) ¶ 3, ECF No. 30, and operate a home construction business, *id.* ¶ 9. Defendant Eagle is a limited liability company organized under the laws of California and defendant Del Toro Loan Services, Inc.[1] is a corporation also organized under the laws of California. *Id.* ¶¶ 4–5. Both defendants allegedly "engaged in lending activities affecting federal

---

[1] Del Toro has not appeared.

1

1  interstate commerce." *Id.* Defendant James McClenahan resides in California and is an agent
2  and/or officer of defendant Eagle. *Id.* ¶ 6.

3       As part of their business, plaintiffs purchase and remodel or reconstruct properties, then
4  sell the upgraded properties. *Id.* ¶ 9. Plaintiffs purchased a home in 2019 with the intent to
5  remodel and then sell the property. *Id.* ¶ 10. Plaintiffs obtained a first purchase mortgage loan
6  from a third party to finance their purchase. *Id.* ¶ 11. Plaintiffs then "obtained a second mortgage
7  secured by a deed of trust from Defendant Eagle[.]" *Id.* ¶ 12. Under the terms of their agreement
8  as reflected in the "Eagle Note," the loan amount was to be placed in a trust with Del Toro. *Id.*

9       Plaintiffs needed the funds from the second mortgage to timely complete their remodeling
10 project. *Id.* ¶ 13. However, plaintiffs allege defendants did not deliver the promised funds. *Id.*
11 ¶¶ 13–14. Rather, Eagle and Del Toro explained the loan funds transferred to a third party
12 because defendants had used the wrong social security number. *Id.* ¶ 14. Plaintiffs then obtained
13 the necessary funding to complete the remodeling project from a third party. *Id.* ¶ 15.

14      Plaintiffs allege defendants changed and misstated the terms of the Eagle Note after the
15 parties had entered into the agreement and engaged in other "surreptitious activity." *Id.* ¶¶ 16–17.
16 For example, the Borrower's Closing Statement from Eagle reflects an incorrect purchase price
17 and identifies McClenahan as the borrower. *Id.* ¶¶ 16–19. Defendants also served all documents
18 and notices of default on McClenahan and not on plaintiffs. *Id.* ¶ 17. Further, defendants
19 inserted a "loan origination fee for James McClenahan" along with several other fees. *Id.* ¶ 16.

20      While this action was pending, Eagle's counsel filed two declarations from McClenahan
21 in support of its first motion to dismiss, which included an exhibit of an allegedly false real estate
22 contract for the property at issue. *Id.* ¶ 21 (citing ECF Nos. 20-2, 20-3 and 27). Plaintiffs allege
23 Mr. LaComba never signed the document and the attached contract is a "false document"
24 Mr. LaComba is seeing "for the first time during this litigation." *Id.* ¶¶ 22–25. For example, the
25 attached contract bore a purchase price of $1,590,000, when the true purchase price for the
26 property was $1,200,000. *Id.* ¶ 25. Plaintiffs requested defendants withdraw the alleged
27 fraudulent contract from the court's docket but defendants refused. *Id.* ¶ 26.

   Plaintiffs allege Eagle and Del Toro "participate in a pattern and practice of inflating the amount of loans and financial instruments on behalf of their clients" and when a greater loan amount is procured, defendants "embezzle and/or convert the excess amount of the loan proceeds while passing off liability for the excess amount onto their [unsuspecting] clients[.]" *Id.* ¶ 26. Defendants "skim" from the top of the loans by "generating and submitting fraudulent documents to loan providers and other third parties" and "change the names of applicants for loans and financial instruments and procure loans for their clients under names that are different from the actual client." *Id.* ¶ 27. Plaintiffs allege Del Toro and Eagle engage in deceptive activities by acting as each other's agents and "facilitat[ing] the passing off of fraudulent loan and other financial instrument documents." *Id.* ¶ 28.

   Plaintiffs initially brought this action against Eagle and Del Toro under the Truth in Lending Act (TILA) and state law. *See generally* Compl., ECF No. 1. The court dismissed plaintiffs' claim for rescission under TILA with leave to amend. *See* Prior Order, ECF No. 28. Plaintiffs have filed an amended complaint. *See* FAC. In their amended complaint, plaintiffs bring fourteen claims. *See generally id.* Plaintiffs have dropped their TILA claim and instead, allege this court has subject matter jurisdiction because defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, by engaging in a pattern of fraudulent and racketeering activity (claim 14) and conspiring to engage in those activities (claim 11).[2] *Id.* ¶¶ 2, 78–83, 96–101. The other twelve claims arise under state law. *See id.* ¶¶ 29–77; 84–95.

   Eagle and McClenahan now move for an order striking the amended complaint under California's Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute. Alternatively, they move to dismiss plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement under Rule 12(e). Mot. at 2,

---

[2] Because plaintiffs' amended complaint exceeds the scope of the court's leave to amend the one TILA claim, the court has discretion to strike the allegations in the FAC that are outside the scope of this court's prior order. *See Winnemem Wintu Tribe v. U.S. Forest Serv.*, No. 09-1072, 2013 WL 1325423, at *4 (E.D. Cal. Mar. 29, 2013). However, because defendants have not raised this argument, and do not argue they have been prejudiced by the additional claims, the court declines to strike the allegations in the complaint on this ground.

3

ECF No. 41;[3] Mem., ECF No. 41-1.  Plaintiffs have filed a late opposition,[4] Opp'n, ECF No. 44, and defendants have replied, Reply, ECF No. 46.

California's anti-SLAPP statute applies in federal diversity actions.  *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140 (9th Cir. 2022).  This court does not have diversity jurisdiction.  *See* FAC ¶¶ 3–6 (alleging all parties are citizens of California); 28 U.S.C. § 1332 (diversity jurisdiction requires complete diversity of citizenship).  Rather, plaintiffs allege this court has federal question jurisdiction over the civil RICO claims and supplemental jurisdiction over the state law claims.  FAC ¶ 2.  In a federal question action, California's anti-SLAPP statute does not apply to federal claims; however, the anti-SLAPP statute does apply to pendent state law claims.  *See In re Bah*, 321 B.R. 41, 46 (B.A.P. 9th Cir. 2005); *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999).

Before the court turns to whether it must or may exercise supplemental jurisdiction over plaintiffs' state law claims and so apply California's anti-SLAPP statute, the court first determines whether plaintiffs have sufficiently stated federal claims upon which relief can be granted.

## II.  LEGAL STANDARDS

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In response, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted).  The court construes all factual allegations "in the light most favorable to the nonmoving party."  *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted).  The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8.  *Iqbal*, 556 U.S. at 679.  Although a complaint does

---

[3] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

[4] Defendant filed its motion on September 25, 2023.  *See* Mot.  Plaintiffs' opposition was due fourteen days thereafter on October 9, 2023.  *See* E.D. Cal. L.R. 230(c).  Plaintiffs filed their opposition on November 22, 2023, over a month after their filing deadline, without any explanation as to their tardiness.  *See* Opp'n.  The court does not consider their opposition brief in resolving this motion.  *See* E.D. Cal. L.R. 110.

not need "detailed factual allegations," it must have more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 678 (citations omitted).

### III. ANALYSIS

Plaintiffs' federal claims arise under RICO. "To prevail on a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), plaintiffs must demonstrate that the enterprise which is involved in or benefits from the racketeering activity is one engaged in, or having an effect on, interstate commerce." *Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990) (citations omitted). Although the "nexus may be 'minimal,'" plaintiffs bear the burden of showing the effect on commerce. *Id.* (citations omitted). "Failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

Defendants argue plaintiffs cannot state a claim under RICO because plaintiffs have not pled "the existence of an enterprise engaged in or affecting interstate or foreign commerce." Mem. at 20. Plaintiffs allege Eagle and Del Toro are "engaged in lending activities affecting federal interstate commerce," FAC ¶¶ 4–5, and are "RICO enterprise[s] . . . engaged in, or activities [sic] of which affect, interstate or foreign commerce," *id.* ¶ 97.

Although the court must assume all factual allegations in the complaint are true and construe them in the light most favorable to plaintiffs, *Steinle*, 919 F.3d at 1160, allegations that are merely conclusory are "not entitled to be assumed true," *Iqbal*, 556 U.S. at 681. Here, plaintiffs' conclusion defendants are engaged in interstate commerce or otherwise engaged in activities affecting interstate commerce is not supported by any factual allegations. *See generally* FAC. From the complaint, it is unclear how two California entities engaged in lending activities within California are engaged in or affect interstate commerce. Plaintiffs' conclusory statements do not support even a minimal interstate nexus. *See, e.g.*, *Hamana v. Kholi*, No. 10-1630, 2011 WL 5077614, at *3 (S.D. Cal. Oct. 25, 2011) (plaintiff's conclusory statement "the association in fact 'has engaged in substantial economic activity that has affected interstate commerce' . . . is

5

insufficient to establish the interstate nexus"); *Am. Residential Ho[l]dings,*[5] *LLC v. JTB Invs., LLC*, No. 20-0483, 2020 WL 7625102, at *5 (S.D. Cal. Dec. 22, 2020) (allegations of recording fraudulent liens against property in San Diego establish alleged activities "took place entirely in San Diego and the enterprise was not engaged in interstate commerce"). Plaintiffs' RICO claims are dismissed, and the court declines to exercise supplemental jurisdiction over their state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

It appears plaintiffs may be able to amend the complaint to state a viable claim under RICO. Their RICO claims are thus dismissed with leave to amend if possible, within the confines of Rule 11. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities."). The court cautions plaintiffs the granting of leave to amend is not an invitation to allege additional claims. If plaintiffs choose to amend their complaint, they must specifically allege how defendants engaged in or otherwise affected interstate commerce.

### IV.  CONCLUSION

For the reasons above, the court **grants** defendants' motion to dismiss with leave to amend. Any amended complaint shall be filed within **twenty-one (21)** days of the filing date of this order.

This order resolves ECF No. 41.

IT IS SO ORDERED.

DATED: February 2, 2024.

CHIEF UNITED STATES DISTRICT JUDGE

---

[5] At the time the court is issuing this order, the name of this case in the Westlaw database appears as "*American Residential Hondings, LLC v. JTB Investments, LLC*." The body of the court's order identifies plaintiff as "American Residential Holdings, LLC" and so the court has noted the correction here.